CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 02 2014

JULIA C. DUDLEY, CLERK
BY: /s/ 
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VICKIE G. MILLS,<br> Plaintiff<br><br>v.<br><br>FCI BUTNER MEDIUM II, <u>et al.</u>,<br> Defendants. | Civil Action No. 7:14-cv-00204<br><br>By: Hon. Michael F. Urbanski<br>   United States District Judge |

## MEMORANDUM OPINION

Proceeding <u>pro se</u>, plaintiff Vickie G. Mills, filed the instant civil action on behalf of her son Christopher James Mills, who is allegedly incarcerated at FCI Butner,[1] seeking $999 trillion in monetary damages. Mills moves to proceed <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant Mills' motion to proceed <u>in forma pauperis</u>. However, after reviewing the complaint, the court concludes that the action must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of the Federal Rules of Civil Procedure.[2]

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed <u>in forma pauperis</u> "at any time if the court determines that…the action…is frivolous or malicious…[or] fails to state a claim on which relief may be granted…" 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); <u>see also</u> <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 656 (4th Cir. 2006) (internal quotations omitted) ("[Section] 1915 permits district courts to independently assess the merits of <u>in forma pauperis</u> complaints, and to exclude suits that have no arguable basis in law or fact.").

---

[1] Christopher James Mills was charged in the Western District of Virginia with conspiracy to distribute five kilograms of cocaine. He was tried and convicted by a jury on October 16, 2012. On April 30, 2013, he was sentenced to 254 months incarceration by United States District Judge Glen E. Conrad. The Fourth Circuit denied his direct appeal on February 19, 2014.

[2] The court notes that this is the fourth lawsuit filed by Mills within a week and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). <u>See</u> Case No. 7:14cv00183 (filed Apr. 21, 2014); Case No. 7:14cv00198 (filed Apr. 22, 2014); Case No. 7:14cv00203 (filed Apr. 28, 2014).

1

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Mills' complaint fails to state a legal claim upon which relief may be granted.

Mills states she brings this action on behalf of Christopher James Mills. But a pro se litigant can only represent her own interests. See 28 U.S.C. § 1654; Brown v. Ortho Diagnostic Sys., Inc., 868 F. Supp. 2d 168, 170 (E.D. Va. 1994) ("Except in the rarest of circumstances, federal courts have been uniformly hostile to attempts by non-attorneys to represent others in court proceedings."). Mills does not have standing to bring this civil suit on behalf of her incarcerated son. See Rochester v. U.S. Gov., No. 2:07-427-HMH-RSC, 2008 WL 618792, at *2-3 (D.S.C. Mar. 3, 2008) (holding "[t]he petitioner does not have standing to bring suit on behalf of her incarcerated brother" and, since she is not an attorney, could not 'represent' her brother in federal court).

Moreover, the complaint on its face states no perceptible claim for federal relief. Mills appears to be requesting that her son be released from prison and given medications. While the pleading rules are less stringent for pro se plaintiffs, Mills still must offer some foothold on which defendants could base an answer, or on which the court could base a judgment. There is no such foothold here. "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Rochester, 2008 WL 618792, at *2 (citing Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.1990)).

Mills states that she is "appelleing [sic] case for Christopher James Mills release," but the

2

court is not aware of any pending civil case brought by Mills concerning Christopher James Mills.[3] Nor can this independent civil action for monetary damages be construed as an appeal of a criminal proceeding or a habeas corpus petition brought by Mills on behalf of her son. What is more, Mills has not established she would have standing to bring such a claim as her son's next friend.

Further, Mills has established no basis for federal jurisdiction. Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted) ("[The federal courts] possess only that power authorized by [the United States] Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.")

Accordingly, the court will dismiss Mills' complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: May 2, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[3] While Mills requested her son's release as one of a number of incoherent allegations in her complaints filed in civil case numbers 7:14cv00183 and 7:14cv198, which were dismissed on April 25, 2014, she named different defendants in those cases than she names here. Thus, the instant complaint does not appear to be an appeal of either of these cases. In fact, Mills has already filed separate notices of appeal in both of these prior cases, which are currently pending before the Fourth Circuit.